**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LILLIE P. WATTS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 14-00052-N** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lillie P. Watts ("Watts") has brought this action under 42 U.S.C. §

405(g) seeking judicial review of a final decision of the Commissioner of Social

Security ("the Commissioner"). (*See* Doc. 1). By the consent of the parties (*see* Doc.

17), the Court has designated the undersigned United States Magistrate Judge to

conduct all proceedings and order the entry of judgment in this civil action under 28

U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.[1] (*See* Doc. 18).

Upon consideration of the parties' briefs (Docs. 13, 14), the relevant portions

of the administrative record (Doc. 12) (hereinafter cited as "(R. [page number(s)])"),

and oral argument conducted August 26, 2014, the Court finds that the

Commissioner's decision is due to be **REVERSED** and **REMANDED**.

## I. Procedural Background

On January 13, 2011, Watts protectively filed with the Social Security

Administration ("SSA") an application for a period of disability and disability

---

[1] Thus, an appeal taken from the judgment entered in this action may be made directly to the Eleventh Circuit Court of Appeals. *See* § 636(c)(3); Fed. R. Civ. P. 73(c).

insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging disability beginning March 14, 2003.[2] After her application was initially denied on June 3, 2011, Watts requested a hearing. A hearing on Watts's application was held before an Administrative Law Judge ("ALJ") in Mobile, Alabama, on December 4, 2012, at which Watts, represented by counsel, appeared and testified. (*See* R. 27).

On January 24, 2013, the ALJ issued an unfavorable decision on Watts's application, finding that Watts "was not disabled under sections 216(i) and 223(d) of the Social Security Act through September 30, 2011, the date last insured." (R. 24-37). Watts requested review of the ALJ's decision by the Appeals Council for the SSA's Office of Disability Adjudication and Review. On December 9, 2013, the Appeals Council issued its decision declining review (R. 13-15), thus making the ALJ's January 24, 2013 decision the Commissioner's final decision. *See* 20 C.F.R. § 404.981 (2014) ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."); *Crow v. Comm'r, Soc. Sec. Admin.*, 571 F. App'x 802, 805 (11th Cir. 2014) (per curiam)[3] ("When the Appeals Council

---

[2] "The Social Security Act's general disability insurance benefits program ('DIB') provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence." Sanders v. Astrue, Civil Action No. 11-0491-N, 2012 WL 4497733, at *3 (S.D. Ala. Sept. 28, 2012) (citing 42 U.S.C. 423(a)).

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they

denies review of the ALJ's decision, we review the ALJ's decision as the Commissioner's final decision." (citing *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)).

On February 7, 2014, Watts filed this action for judicial review of the Commissioner's final decision under § 405(g). (*See* Doc. 1).

## II.    Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus whether a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history, *see id.*; and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v.*

---

may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Aug. 1, 2014).

*Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).[4]

If, in steps one through four of the above-articulated five-step evaluation, a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden, at the fifth step, to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court on judicial review is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as "more than a scintilla" and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the

---

[4] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

evidence." *Davison v. Astrue*, 370 F. App'x 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added). "There is no presumption, however, that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid. Instead, [the court] conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)) (internal citation omitted).

### III.   Claims on Appeal

(1)   "The Administrative Law Judge's residual functional capacity determination at the fifth step of the sequential evaluation process was not supported by substantial evidence and entirely abrogated the medical opinions by Plaintiff's treating physician that indicated Plaintiff could not perform substantial gainful activity." (Doc. 13 at 2).

(2)   "The Administrative Law Judge committed reversible error by failing to give adequate and controlling weight to the opinion of Plaintiff's treating physician, Dr. Cecil Parker, M.D., in violation of 20 C.F.R. § 404.1527 and Social Security Ruling 96-2p." (*Id.*).

### IV.   Analysis

At Step Four,

the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e).

Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step, discussed below. 20 C.F.R. § 404.1520(e).

If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567.4 Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

"For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 42 U.S.C. § 423(a)(1)(A) (2005)). "Because [Watts]'s last insured date was [September 30, 2011[5]], her DIB appeal requires a showing of disability on or before that date." *Id.*

The ALJ, "[a]fter careful consideration of the entire record,…f[ound] that, through the date last insured, [Watts] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can perform only frequent reaching both overhead and other reaching. She can only occasionally balance, stoop, kneel, crouch, and crawl. [She] can never climb ladders, scaffolds, and ropes. She can perform no work around unprotected heights or dangerous moving equipment. She must avoid crowds, and can have only occasional contact

---

[5] (R. 27, 37).

with the public. She must avoid tasks involving a variety of instructions or tasks

but is able to understand to carry out simple one- or two-step instructions and is

able to understand to carry out 'detailed but uninvolved' written or oral instructions

involving a few concrete variables in or from standardized situations. She can

manage only minimal changes in the work setting and routines. She can be called

on to make judgments on only simple, work-related decisions."[6] (R. 32).

Watts argues that the ALJ, in making this determination, erred in

discounting the medical opinions of her treating physician, Dr. Cecil L. Parker, Jr.,

M.D.[7] Dr. Parker completed two form evaluations – a Physical Capabilities

Evaluation (R. 410) ("PCE") and a Clinical Assessment of Pain Form (R. 411-12)

("CAP Form") – regarding Watts on September 14, 2012. Regarding Dr. Parker's

opinions, the ALJ's decision in Step Four states as follows:

> Treatment notes from Cecil L Parker Jr., M.D., between April 6, 2009
> and January 20, 2012, indicate that the claimant presented with minor
> complaints of back pain. Dr. Parker noted that the claimant was obese
> and had performed heavy work in the past. Dr. Parker's notes do
> indicate a reference to arthropathy, as well as a reference to elbow
> tendinitis in 2009 (8F/24[8]). However, Dr. Parker's notes do not
> contain specific diagnoses. The records do not support the claimant's
> allegations of disability.

---

[6] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy." *Phillips,* 357 F.3d at 1239 n.4.

[7] " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178-79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).

[8] (R. 376 [Dr. Parker's 9-29-09 Treatment Notes]).

...

Dr. Parker submitted a physical capacities evaluation dated September 14, 2012, in which he opined that the claimant could perform no sitting [sic] standing or walking during an eight hour day, that she could lift a total of up to 5 pounds for one hour during an eight hour workday, that she could perform no grasping, pushing [sic] pulling, or fine manipulation on a repetitive basis, and that she could not use her legs or feet for repetitive action such as pushing or pulling of leg controls. Dr. Parker also found that the claimant was unable to perform any bending, squatting, crawling, climbing, or reaching in an eight hour workday. Dr. Parker opined that the claimant had been thus impaired since December 29, 2009 (12F[9]). Dr. Parker's opinion as a treating physician is considered. However his opinion is not reflective of his earlier prepared treatment notes. While it is understandable that a treating physician may be sympathetic to the claimant, when the treating physician's opinion is inconsistent with other evidence, including his own treatment findings, the opinion must be disregarded. In this case, Dr. Parker's assessment is completely inconsistent with not only the other evidence of record, including other examinations of the claimant, but is also totally inconsistent with his prior treatment findings. Thus Dr. Parker's opinion rendered on September 14, 2012 is given no weight...

(R. 34-36).

Social Security Ruling 96-2p, 1996 WL 374188 (effective July 2, 1996),[10] states: "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted." However, "[i]t is an error to give an opinion

---

[9] (R. 410 [Dr. Parker's PCE]).

[10] " 'Social Security Rulings are agency rulings published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.' *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed. 2d 967 (1990) (internal quotations omitted). Although SSA rulings are not binding on this Court, we accord the rulings deference. *See Fair v. Shalala*, 37 F.3d 1466, 1468–69 (11th Cir. 1994)." *De Olazabal v. Soc. Sec. Admin., Com'r*, No. 13-15285, 2014 WL 4364889, at *4 (11th Cir. Sept. 4, 2014) (per curiam) (unpublished).

controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p, 1996 WL 374188.

Moreover, "a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." *Id.*

> The Eleventh Circuit has held:
>
> Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis*[ *v. Callahan*], 125 F.3d [1436,] 1440[ (11th Cir. 1997)]; *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*[ *v. Barnhart*], 357 F.3d [1232,] 1241[ (11th Cir. 2004)]. With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id.* at 1240–41.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). The Court will not find reversible error "when the ALJ articulated specific reasons for

declining to give the treating physician's opinion controlling weight, and the reasons were supported by substantial evidence." *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 902 (11th Cir. 2012) (per curiam) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam)).

Both parties argue at length why the ALJ correctly or incorrectly discounted Dr. Parker's opinions in both the PCE and the CAP Form. It is difficult to address these arguments as to the CAP Form, however, because, unlike the PCE, the ALJ does not specifically reference or discuss the opinions in the CAP Form or indicate what weight she assigned them. The Court notes that, unlike the PCE, the CAP Form does not indicate that its findings apply before Watts's last insured date. (R. 415-16). In fact, in response to Question 9, which asks "How long has the patient's pain been at the level indicated above," Dr. Parker wrote "pain level 8/10 since" but did not specify a date. (R. 416). Moreover, as the Commissioner notes (*see* Doc. 14 at 8), in support of his determinations in the CAP Form, Dr. Parker cites only to clinical and laboratory findings regarding the fracture of Watts's right tibia and fibula resulting from a May 2012 automobile accident, which occurred after the last insured date. (*See* R. 30 ("The claimant reported having a fracture of the leg in 2012 secondary to a motor vehicle accident. However, this injury occurred after her date last insured. Therefore, it is found not to be a severe impairment relative to a determination of disability.")).

Like the PCE, Dr. Parker's CAP Form suggests that Watts is burdened by significant impairments, as it opines that she is experiencing "intractable and

virtually incapacitating" pain, that physical activity will cause "[i]ncrease of pain to such an extent that bed rest is necessary[,]" and that she "will be totally restricted and thus unable to function at a Productive level of work" due to her level of pain. (R. 415-16). While it is entirely possible that the ALJ discounted the CAP Form for the same reasons she rejected the PCE, or because there was no indication Dr. Parker's opinions therein applied on or prior to Watts's date last insured, the ALJ's complete failure to reference this opinion of a treating physician is reversible error. As noted above, while the opinion of a treating physician may be disregarded for good cause, the ALJ "must clearly articulate his reasons for doing so." *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834 (11th Cir. 2011) (per curiam) (citing *Phillips*, 357 F.3d at 1240–41).

> Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel*, 631 F.3d at 1179. *See also Davis v. Comm'r of Soc. Sec.*, 449 F. App'x 828, 833 (11th Cir. 2011) (per curiam) ("The ALJ must clearly articulate his reasons for disregarding a treating physician's opinion. Moreover, his explanation must include

good reasons.   We will not affirm an ALJ's decision without adequate explanation

because, without such an explanation, it is impossible for a reviewing court to

determine whether the ultimate decision on the merits of the claim is rational and

supported by substantial evidence." (internal citations and quotations omitted)).

Because the ALJ failed to expressly consider and assign weight to the

medical opinion of a treating physician, it is impossible for the Court to determine

whether the ultimate decision on the merits of Watts's claim is rational and

supported by substantial evidence.[11]   Because the Court finds this error alone

requires remand to the Commissioner, there is no need to consider the other

asserted claims of error at this time.  *Cf. Salter v. Astrue*, Civil Action No. 11–

00681–C, 2012 WL 3817791, at *2 (S.D. Ala. Sept. 4, 2012) ("Because the Court

determines that the decision of the Commissioner should be reversed and remanded

for further proceedings based on the plaintiff's second claim, regarding the RFC

determination, there is no need for the Court to consider the plaintiff's other

claims." (citing *Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala.

2001); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the

'misuse of the expert's testimony alone warrants reversal,' we do not consider the

appellant's other claims.")))

Therefore, the Commissioner's final decision in this action is due to be

---

[11] While it could be argued that the ALJ might simply have lumped the opinions in the CAP Form together with those in Dr. Parker's PCE and/or treatment notes, the record does not support such a determination.   The ALJ's opinion specifically references Dr. Parker's treatment notes and the CPE, both by name and by the exhibit numbers corresponding to those particular pieces of evidence (Exs. 8F and 12F, respectively).   The CAP Form is not referenced either by name or exhibit number (13F), and the ALJ's decision does not discuss the opinions expressed therein regarding Watts's level of pain and its impact.

**REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).[12]

## V.    Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the decision of the Commissioner of Social Security denying Watts benefits is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.    The remand pursuant to sentence four of § 405(g) makes Watts a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 1st day of December 2014.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[12] *See Lawton*, 431 F. App'x at 835 ("There is language in *MacGregor v. Bowen,* 786 F.2d 1050 (11th Cir. 1986), for the proposition that, if an ALJ fails clearly to articulate reasons for discounting the opinion of a treating physician, that evidence must be accepted as true as a matter of law. However, our earlier decisions had remanded cases to the agency when there was a failure to provide an adequate credibility determination. *See, e.g., Owens,* 748 F.2d at 1516; *Wiggins v. Schweiker,* 679 F.2d 1387, 1390 (11th Cir. 1982). Pursuant to the prior precedent rule, we are bound by the holding of the first panel to address an issue of law, unless and until it is overruled by this Court sitting *en banc* or the Supreme Court. *United States v. Steele,* 147 F.3d 1316, 1318 (11th Cir.1998) (*en banc*). Accordingly, rather than broadly accept the doctors' opinions as true, we will remand to the agency so that it can make a determination in the first instance of the proper weight to be afforded to those opinions."); *Davis v. Comm'r of Soc. Sec.*, 449 F. App'x 828, 833 n.1 (11th Cir. 2011) (per curiam) (same).