IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LILLIE P. WATTS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00052-N |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the Plaintiff's Motion for Award of Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 22) and supporting memorandum (Doc. 23), to which the Defendant Commissioner has timely filed a response (Doc. 25) indicating no opposition to the award sought. The Plaintiff requests an award of $1,427.25 in attorney's fees and $400 in costs. Upon consideration, the Court finds that the motion is due to be **GRANTED**.[1]

## I.   Analysis

"The EAJA provides that the district court 'shall award to the prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially

---

[1] By the consent of the parties (*see* Doc. 17), the Court has designated the undersigned United States Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Doc. 18).

justified or that special circumstances make an award unjust.' " *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (footnotes omitted). "[T]hree statutory conditions must be satisfied before a district court can award EAJA attorney's fees. First, the claimant must file an application for fees within thirty days of final judgment in the action… Second, assuming the fee application was timely filed, the claimant must qualify as a prevailing party… Finally, if the claimant is a prevailing party who timely filed an EAJA fee application, then the claimant is entitled to receive attorney's fees unless the government can establish that its positions were substantially justified or that there exist special circumstances which countenance against the awarding of fees." *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (citation and quotation marks omitted).

### A.     Timeliness

"The Equal Access to Justice Act ('EAJA'") provides that a 'party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses....' 28 U.S.C. § 2412(d)(1)(B) (1982). It is settled that a 'final judgment' means that the judgment is final and not appealable. 28 U.S.C. § 2412(d)(2)(G)." *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989). "[T]his timely filing requirement is jurisdictional in nature; that is, a claimant's failure to file an EAJA application within thirty days of a final judgment no longer appealable precludes the district court from considering the merits of the fee application." *Newsome*, 8 F.3d at 777

(citing *Myers*, 916 F.2d at 672–73).

Where, as here, "the district court enters a 'sentence four' remand order[ under 42 U.S.C. § 405(g)], that judgment is appealable." *Id.* at 778. "[W]hen a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees 'begins after the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has run, so that the judgment is no longer appealable.' " *Id.* (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

The Court entered its "sentence four" remand order and judgment on December 1, 2014. (*See* Docs. 19, 20). Because a United States agency was a party to this action, the time to appeal that judgment expired after sixty (60) days from December 1, 2014. *See* Fed. R. App. P. 4(a)(1)(B). Thus, the judgment became no longer appealable after January 30, 2015. Because the Plaintiff filed her EAJA fee application on February 9, 2015, the application is timely, and the Court has jurisdiction to consider its merits.

### B.     Prevailing Party

In this action, the Plaintiff won a remand of a final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g), thus making her a "prevailing party" entitled to EAJA fees. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). "Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions." *Newsome*, 8 F.3d at 777. *See also Myers*, 916 F.2d at 666 ("Since the EAJA's enactment, the vast

majority of EAJA awards have gone to claimants who succeeded in challenging contrary benefits decisions made by the Secretary of Health and Human Services.").

### C.   "Substantially Justified"/Special Circumstances

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—i.e. when it has a reasonable basis in both law and fact.  The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (citations and quotations omitted).

The Commissioner has not attempted to show that her position was substantially justified, instead stating that she "does not oppose" the Plaintiff's EAJA application and "agrees to pay Plaintiff $1,427.25 in attorney's fees and costs in the amount of $400.00." (Doc. 25 at 1).  Given the Commissioner's position, and there being apparent from the record no special circumstances which countenance against the awarding of fees, the Court finds that the Plaintiff is entitled to an award of fees and costs[2] under EAJA.

However,

> [t]he EAJA further provides:
>
> > The amount of fees awarded ... shall be based upon prevailing market rates, for the kind and quality of services furnished except that ...
> >
> > (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the *cost of living or a special factor, such as the limited availability of qualified*

---

[2] EAJA allows for "a judgment for costs, as enumerated in" 28 U.S.C. § 1920, to be awarded to the prevailing party.  28 U.S.C. § 2412(a)(1).  Section 1920 allows for taxation of, among other things, "[f]ees of the clerk[,]" which are the costs the Plaintiff seeks in this action.

4

> *attorneys for the proceedings involved, justifies a higher fee.*
>
> 28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).
>
> In *Meyer v. Sullivan,* 958 F.2d 1029, 1033 (11th Cir. 1992), [this Circuit] recognized a two-step process for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. First, the district court must "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.' " *Id.* (citation omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Id.* at 1033-34.

*Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (per curiam) (unpublished).

The Plaintiff requests an award of fees "at the rate of $190.30 per hour for 7.50 hours of work on this case in Federal Court." (Doc. 27 at 2). The Court finds the number of hours to be reasonable and finds this rate to be an appropriate market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.[3] Moreover, the Plaintiff argues this upward adjustment is justified due to an increase in cost of living, citing to this Court's decision in *Lucy v. Astrue.*

> The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. *Lucy v. Astrue,* CV 06–147–C, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In *Lucy,* the following formula, based on the CPI, was utilized:

---

[3] "The court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation omitted).

> ($125/hour) x (CPI–U[4] Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI–U of March 1996, the month and year in which the $125 cap was enacted.
>
> *Id.* at *12. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. *Id.* at *5–6.

*Winters v. Astrue*, Civil Action No. 11-00261-CB-B, 2012 WL 1565953, at *2 (S.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1556652 (S.D. Ala. Apr. 30, 2012).

Given that the Commissioner has not objected, the Court finds that the formula utilized by the Court in *Lucy* is the proper method for determining the attorney fee rate in this action. The Complaint in this action was prepared and filed on February 7, 2014, and the Court's Order and Judgment were entered on December 1, 2014. The number of days between those two dates is 297; thus making July 5, 2015, the "temporal midpoint" between those two dates. The CPI–U for July 2014 was 232.013. Plugging the relevant numbers into the foregoing formula renders the following equation: $125 x 232.013 / 152.4. This calculation yields an hourly rate, adjusted for "cost of living" increases, of $190.30, which the Court finds to be an appropriate hourly rate under EAJA to take into account increases in cost of living.

Thus, the Court finds that the Plaintiff is due to be awarded $1,427.25, the full amount she requests in fees under EAJA.

---

[4] Consumer Price Index for All Urban Consumers, as determined by the Bureau of Labor Statistics of the United States Department of Labor (http://www.bls.gov/cpi/tables.htm).

## II.     Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Plaintiff's Motion for Award of Attorney's Fees pursuant to EAJA (Doc. 22) is **GRANTED** and that the Plaintiff is awarded from the Defendant Commissioner **$1,427.25** in attorney's fees and **$400** in costs, for a total award of **$1,827.25**.[5]

Additionally, pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the Court grants the Plaintiff's attorney an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty days following the Plaintiff's receipt of a notice of award of benefits from the Social Security Administration. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to

---

[5] The Plaintiff's motion has requested that the $1,427.25 in attorney's fees "be paid to Plaintiff's attorney…" (Doc. 22 at 1).  However, the Supreme Court has held that an EAJA "fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  " 'In light of *Ratliff,* [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor [any] assignment of EAJA fees.' " *Napier v. Colvin*, Civil Action No. 13-00355-N, 2014 WL 2960976, at *1 n.1 (S.D. Ala. July 1, 2014) (quoting *Varner v. Astrue*, No. 3:09-CV-1026-J-TEM, 2011 WL 2682131, at *2 (M.D. Fla. July 11, 2011)).

include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2…Perhaps another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstance.").

**DONE** and **ORDERED** this the 26th day of February 2015.

                                         */s/ Katherine P. Nelson*
                                         **KATHERINE P. NELSON**
                                         **UNITED STATES MAGISTRATE JUDGE**